**Solomon James OLIVER, Jr., Plaintiff,**

v.

**KAYO OIL COMPANY, Defendant.**

**Civ. A. No. 6158.**

United States District Court
E. D. Virginia,
Norfolk Division.

Jan. 16, 1968.

Bangel, Bangel & Bangel, L. David Lindauer, Portsmouth, Va., for plaintiff.

Vandeventer, Black, Meredith & Martin, Joseph A. Gawrys, Norfolk, Va., for defendant.

MEMORANDUM

WALTER E. HOFFMAN, Chief Judge.

This matter stands on a motion for summary judgment filed by the defendant. It involves an interpretation of certain provisions of the Fair Labor Standards Act, 29 U.S.C. Sections 201–219. The facts are not controverted and the matter is a typical problem for determination on summary judgment.

Kayo Oil Company operates a gasoline service station at Bowers Hill, in the City of Chesapeake, Virginia. The plaintiff, Oliver, was employed at this filling station as an attendant from February 14, 1966, until March 30, 1967. He contends that the defendant failed to pay him minimum and overtime wages as required by 29 U.S.C. Sections 206, 207. The defendant contends that the

plaintiff is exempt from coverage by the express terms of the Fair Labor Standards Act. The plaintiff does not urge that this particular filling station is not a gasoline service establishment within the meaning of the Act. Likewise, the defendant's annual gross volume of sales at said filling station was substantially less than $250,000 per annum for the period in question. All sales by the defendant were retail sales within the meaning of the Act and were made exclusively in the State of Virginia.

Certain amendments to the Fair Labor Standards Act were effective as of February 1, 1967. For this reason, the matter must be determined both as to employment prior to February 1, 1967, and thereafter.

As to plaintiff's employment until February 1, 1967, it is conceded that the maximum hour provisions of Section 207 are not applicable for this period. Such provisions are expressly excluded by 29 U.S.C. Section 213(b) (8).

There is no provision similar to 29 U.S.C. Section 213(b) (8) which specifically excludes the minimum wage provisions of Section 206 for the plaintiff's employment prior to February 1, 1967. However, the provisions of 29 U.S.C. Section 213(a) (2) (i), which exclude the applicability of the provisions in Sections 206 and 207, are clearly intended to cover the instant case. Under 29 U.S.C. Section 213(a) (2) (i), it is stated:

"The provisions of Sections 206 and 207 of this title shall not apply with respect to—

\* \* \* \* \* \*

(2) any employee employed by any retail or service establishment, more than 50 per centum of which establishment's annual dollar volume of sales of goods or services is made within the State in which the establishment is located if such establishment—

(i) is not in an enterprise described in Section 203(s) of this title,
\* \* \* "

When we examine 29 U.S.C. Section 203(s) (5), we note that the pertinent part reads as follows:

"(5) any gasoline service establishment if the annual gross volume of sales of such establishment is not less than $250,000, exclusive of excise taxes at the retail level which are separately stated."

Since one of the stipulated facts for the purpose of this motion is that the defendant's annual gross volume of sales was substantially less than $250,000, it is clear that the defendant is not in an enterprise described in Section 203(s) (5). The defendant also falls within the other requirement of 29 U.S.C. Section 213(a) (2) (i) since all sales were made exclusively in Virginia. For the foregoing reasons, neither the maximum hour section (207) nor the minimum wage section (206) are applicable for the employment period prior to February 1, 1967.

As to plaintiff's employment subsequent to February 1, 1967, the 1966 amendments to the Fair Labor Standards Act are controlling. Under these amendments, this case falls within Section 213(a) (2) the pertinent portion of which reads:

"(a) The provisions of sections 206 and 207 of this title shall not apply with respect to—

\* \* \* \* \* \*

(2) Any employee employed by any retail or service establishment \* \*, if more than 50 per centum of such establishment's annual dollar volume of sales of goods or services is made within the State in which the establishment is located, and such establishment is not in an enterprise described in section 203(s) of this title or such establishment has an annual dollar volume of sales which is less than $250,000 \* \* \*. A 'retail or service establishment' shall mean an establishment 75 per centum of whose annual dollar volume of sales of goods or services (or of both) is not for resale and is recognized as retail sales or services in the particular industry;
\* \* \* "

Since the applicable provisions of Section 203(s) have not been changed by the

1966 amendments to the Act, the defendant's establishment falls within either of the two alternatives set forth above. The stipulated facts for the purpose of this motion include an agreement that "all sales were retail sales and were made exclusively in the State of Virginia." For the foregoing reasons, the plaintiff is equally unable to avail himself of the provisions of the Fair Labor Standards Act with respect to his employment after February 1, 1967.

The motion for summary judgment will be sustained and counsel for defendant shall prepare and present an appropriate order, after first affording an opportunity for endorsement by counsel for plaintiff.